UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JERRY MILLS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-221-HAB-SLC |
| CLINT THOMPKINS, et al., | |
| Defendants. | |

OPINION AND ORDER

Jerry Mills, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Mills is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Mills is in custody at Westville Correctional Facility serving a criminal sentence. His complaint stems from events occurring at the Huntington County Jail while he was detained there awaiting trial. He claims that in 2012 he was in a

"treacherous car accident" that resulted in several permanent injuries causing him difficulty walking. When he arrived at the jail in January 2022, he allegedly told Jailer Clint Thompkins and Huntington County Sheriff Chris Newton about his injuries and requested a cane, wheelchair, or walker. They allegedly refused to provide him with any of these items and instead Jailer Thompkins told him to "shut up" and "quit bitchin.'"

For approximately 4-5 weeks he was forced to walk without any assistance and was in "intense pain." A nurse finally noticed his "extremely poor condition" and referred him to the jail physician. X-rays were done and it was determined that he had "broken screws" in his knee cap and a "broken surgical plate" in his leg. He asserts that this was caused by walking for weeks without a mobility aid. In March 2022, he underwent surgery at an outside hospital to repair these injuries, after which he was provided with a walker at the jail. Based on these events, he sues Jailer Thompkins, Sheriff Newton, and Indiana Governor Eric Holcomb for money damages.

Because Mr. Mills was a pretrial detainee when these events occurred, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To assert a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable

under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted).

Giving Mr. Mills the inferences to which he is entitled at this stage, he has alleged a serious medical need in connection with this mobility problems. He claims that both Sheriff Newton and Jailer Thompkins were personally aware of his need for mobility aids, but refused to provide him with any, resulting in injury that ultimately necessitated surgery. He has alleged enough to proceed on a claim for damages against these defendants under the Fourteenth Amendment.

He also sues Governor Holcomb, but there is no plausible basis to infer that the Governor was personally involved in these events. Instead, Mr. Mills appears to be trying to hold him liable as the top official in the State of Indiana, but that is not a viable basis for imposing personal liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Nor can Mr. Mills assert an official capacity claim against this state official under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). He will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Jailer Clint Thompkins and Sheriff Chris Newton in their personal capacity for monetary damages for denying him

3

mobility aids in violation of the Fourteenth Amendment between January 2022 and March 2022, resulting in injury that necessitated surgery;

(2) DISMISSES all other claims;

(3) DISMISSES Eric Holcomb, Jr., as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Jailer Clint Thompkins and Sheriff Chris Newton at the Huntington County Jail and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Huntington County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(6) ORDERS Jailer Clint Thompkins and Sheriff Chris Newton to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 9, 2023.

                                            s/Holly A. Brady  
                                            CHIEF JUDGE  
                                            UNITED STATES DISTRICT COURT