UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JERRY MILLS, <br><br> Plaintiff, <br><br> v. <br><br> CLINT THOMPKINS, *Jailer, et al.*, <br><br> Defendants. | CAUSE NO. 1:23-cv-00221-SLC |

**OPINION AND ORDER**

Plaintiff Jerry Mills, a prisoner without a lawyer, is proceeding in this case against Jailer Clint Tompkins and Sheriff Chris Newton ("Defendants") "in their personal capacity for monetary damages, alleging that Defendants "den[ied] him mobility aids in violation of the Fourteenth Amendment between January 2022 and March 2022, resulting in injury that necessitated surgery . . . ." (ECF 7 at 3-4). On June 14, 2024, Defendants filed a motion for summary judgment, together with a supporting brief, statement of material facts, and supporting evidence. (ECF 31-ECF 34). Defendants also provided Mills the notice required by Local Rule 56-1(f). (ECF 35); *see* N.D. Ind. L.R. 56-1(f). Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. (ECF 35 at 2-5).

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within twenty-eight days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes, a citation to evidence supporting each dispute of fact. *See* N.D. Ind. L.R. 56-1(b). This deadline passed over three months ago, but Mills has not responded. Therefore, the Court will now rule on Defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Because Mills was a pretrial detainee during the relevant period (*see* ECF 7 at 1), his rights arise under the Fourteenth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390-91 (7th Cir. 1991) (citation and quotation marks omitted). Nevertheless, they are entitled to adequate medical care. *See Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must show the following:

> (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). Regarding the first element, a medical need is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious

2

that even a lay person would perceive the need for a doctor's attention." *Mosby v. Cavey*, 686 F. Supp 2d 868, 875 (W.D. Wis. 2010) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Regarding the third element, in determining whether a challenged action is "objectively unreasonable" the Court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (citation omitted). "[N]egligent conduct does not offend the Due Process Clause[,]" and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. (citations omitted).

Defendants provide evidence showing the following facts:[1] The Huntington County Jail does not have a policy against using wheelchairs, canes, or walkers when the use of such mobility aids is deemed medically necessary by the jail's medical professionals. (ECF 34-2 ¶ 8). When pre-trial detainees arrive at the Huntington County Jail, they are put through an intake process which includes medical questions. (*Id.* ¶ 9). After the intake questionnaire is completed, pre-trial detainees are referred to medical staff for an intake medical exam. (*Id.*)

Mills arrived at the Huntington County Jail on January 10, 2022. (ECF 34-1 at 11-12). Mills was using a cane at the time of his arrest, but the jail took the cane from him upon his arrival. (ECF 34-1 at 12). Jailer Tompkins processed Mills into the jail, which included completing an intake sheet with charging information, taking possession of property, and completing a risk assessment and medical questionnaire. (*Id.* at 83-91). On the medical questionnaire, Tompkins indicated Mills was being treated for a fracture in his leg and neck from an injury in 2012, had not had any recent injuries, and walked with a cane because his "left femur causes issues." (*Id.* at 86-88).

---

[1] Because Mills has not responded to Defendants' summary judgment motion, the Court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .").

On January 11, 2022, the day after Mills was booked into the jail, he was seen for an intake medical exam by Nurse Debbie Little. (*Id.* at 22). The medical records noted he had a history of left hip and knee surgery following a motor vehicle accident in 2012 and took Tylenol for pain as needed. (*Id.* at 92). The nurse did not note that Mills needed a cane or had any problems walking without a cane or mobility device. (*See id.*).

On January 14, 2022, Mills was seen by medical staff to inquire about leg surgery, and the nurse noted she would refer him to a physician to discuss his options. (*Id.* at 93). That same day, Mills had his fourteen-day medical assessment conducted by Nurse Little, and it was noted he had limited mobility in his left leg. (*Id.* at 94). The medical record does not indicate Mills requested or needed a cane or mobility aid. (*See id.*).

Over the next month, Mills saw medical staff regularly, but his records do not indicate any complaints or issues related to his legs. (*Id.* at 97-103). On February 7, 2022, Mills informed Nurse Little he felt a pop in his thigh that day and was continuing to have pain and difficulty ambulating. (*Id.* at 42-43, 104). Nurse Little noted Mills reported using a cane outside of the jail setting. (*Id.* at 104). Two days later, Mills was seen by a physician who ordered x-rays of his left femur. (*Id.* at 44, 105). The next day, Mills was scheduled for an appointment with a specialist at Fort Wayne Orthopedics. (*Id.* at 48-49, 108). He was prescribed Tylenol for the associated pain. (*Id.* at 110). On February 12, 2022, Mills underwent x-rays of his left femur which found "4 fractured distal femur screws[;] one is new since prior." (*Id.* at 106). On February 23, 2022, Mills saw an orthopedist to review the x-ray results, and the orthopedist determined surgery was necessary. (*Id.* at 111-12). On March 28, 2022, Mills received surgery on his left leg. (*Id.* at 117). Two days later, Mills was released Mills from the hospital with a walker and was permitted to use the walker at the Huntington County Jail. (*Id.* at 61).

Defendants argue summary judgment is warranted in their favor because they were not deliberately indifferent to Mills's medical need. (ECF 32 at 4-6). Each Defendant will be addressed in turn.

Regarding Jailer Tompkins, it is undisputed Mills saw Jailer Tompkins for his initial intake on January 10, 2022, that Mills's medical questionnaire noted that he used a cane outside of the jail, and that the jail took Mills's cane from him upon his arrival. However, it is also undisputed that the Huntington County Jail only allows inmates to use mobility aids once it has been deemed medically necessary by the jail's medical professionals, and that Mills was referred to medical staff for an intake medical exam the day after his initial intake. Mills's medical records do not indicate that medical staff determined he required a mobility aid at that time, but rather ordered he receive a walker only after he had surgery on his leg two months later. Thus, because the Huntington County Jail's medical staff evaluated Mills on January 11 and did not issue any order for a mobility aid at that time, there is no evidence it was "objectively unreasonable" for Jailer Tompkins to fail to issue Mills a mobility aid on January 10. *See Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) ("If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands") (alteration in original) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)); *see also Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009) ("A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ."); *James v. Hale*, 959 F.3d 307, 318-19 (7th Cir. 2020) (finding a jail administrator's decision not to send inmate to emergency room was not objectively unreasonable where physician evaluated inmate the next day and also determined his condition was not severe enough to require an emergency room trip). Summary judgment is therefore warranted in favor of Jailer Tompkins.

Regarding Sheriff Newton, he attests to the following facts: Sheriff Newton did not personally participate in, and was not physically present for, Mills's intake and booking process at the Huntington County Jail on January 10, 2022. (ECF 34-2 ¶ 10). Mills did not directly communicate any medical needs to Sheriff Newton at that time, and never discussed his medical history with Sheriff Newton or told him that he needed a mobility aid prior to his surgery in March 2022. (*Id.* ¶¶ 10, 13). Mills never told Sheriff Newton, in writing or in conversation, that his medical needs were not being met during his time as an inmate at the Huntington County Jail. (*Id.* ¶ 14). Sheriff Newton never personally denied Mills from receiving a mobility aid at the Huntington County Jail against the recommendation of a qualified medical professional. (*Id.* ¶ 16). Moreover, Sheriff Newton never approved, condoned, or became aware of any employee at the Huntington County jail denying Mills a mobility aid against the recommendation of a qualified medical professional. (*Id.* ¶ 17).

Here, based on Sheriff Newton's undisputed attestations, there is no evidence by which a reasonable jury could conclude Sheriff Newton took any volitional act that was "objectively unreasonable" in response to Mills' medical need. *James*, 959 F.3d at 318. Specifically, there is no evidence Sheriff Newton ever denied Mills the use of a mobility aid or was aware that any of his employees denied Mills the use of a mobility aid. For these same reasons, even assuming for purposes of argument that a constitutional violation did occur, there is no evidence Sheriff Newton was personally involved in that violation. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation[,]" and a supervisor will not be liable without "a showing of direct responsibility for the improper action . . . ." (citations and emphasis omitted)). Summary judgment is therefore warranted in favor of Sheriff Newton.

For these reasons, the Court:

(1) GRANTS Defendants' motion for summary judgment (ECF 31); and

(2) DIRECTS the Clerk to enter judgment in favor of Defendants, and against Plaintiff Jerry Mills, and to close this case.

SO ORDERED.

Entered this 3rd day of February 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge